UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NICHOLAS BOSNAK *et al.*, )<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>LAKE COUNTY, INDIANA, *et al.*, )<br>      Defendants. ) | CAUSE NO. 2:15-CV-304-JTM-JEM |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(3) and Local Rule 72-1

This matter is before the Court on a Suggestion of Death of Plaintiff Christopher Recupido [DE 21], filed by Defendant Lake County, Indiana, on July 25, 2016, and a Supplemental Notice of Suggestion of Death of Plaintiff Christopher Recupido [DE 28], filed by Defendant Lake County on October 31, 2016. Lake County represents that Plaintiff Christopher Recupido died on April 11, 2016, and that Barbara Bosnak is the administrator of the estate of Christopher Recupido. Lake County further represents that Barbara Bosnak, as administrator of the estate of Christopher Recupido, was served with a copy of the Notice of Substitution of Death on October 31, 2016.

Federal Rule of Civil Procedure 25(a) provides,

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). The Court finds that the Notice of Death was properly served on the parties in accordance with Rule 25(c) and more than 90 days has passed. No motion for substitution has been filed.

Accordingly, the Court hereby **RECOMMENDS** that the District Court **DISMISS Plaintiff Christopher Recupido from the case without prejudice**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 27th day of February, 2017.

                                   s/ John E. Martin
                                   MAGISTRATE JUDGE JOHN E. MARTIN
                                   UNITED STATES DISTRICT COURT

cc:     All counsel of record